STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Town of Brattleboro, | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Docket No. 171-9-04 Vtec |
| | } | |
| Pratima S. Vaidya, | } | |
| Defendant. | } | |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

Plaintiff Town of Brattleboro brought an enforcement action against Defendant Pratima S. Vaidya, asserting violations of the provisions of the Zoning Ordinance regulating signs. The Town is represented by Robert M. Fisher, Esq.; Defendant is represented by Bettina V. Buehler, Esq. Both parties have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Defendant Pratima S. Vaidya, doing business as USA Group, Ltd., owns property at 959 Putney Road, in the Commercial zoning district. The property is improved with an existing 48-room motel and a ten-room annex, with an existing free-standing sign. The

parties refer to the sign as nonconforming, but have not provided any information about when the sign was originally installed, whether the sign as originally installed was nonconforming, or when the Zoning Ordinance was adopted that made the sign nonconforming. Nor have the parties provided a copy of the Zoning Ordinance applicable to this matter.

Defendant acquired the property in 1986 and operated the motel under a franchise agreement with Days Inn WorldWide, Inc., beginning in late August of 2001. In connection with the franchise agreement, the existing sign displayed the name DAYS INN and a large sunburst logo design trademarked by Days Inn WorldWide.

Due to revocation of the franchise agreement in late 2002, Defendant was obligated to remove the trademarks associated with the name "Days Inn." Defendant changed the sign by placing the word "THE" over the former word "Days" and by placing a stylized mountain outline in front of the sunburst logo[1].

Defendant submitted a zoning permit application on February 5, 2003, proposing to "replace a non-conforming sign for a period of three months." The Acting Zoning Administrator reviewed the application on February 12, 2003, and set it for a DRB hearing under §4502(h) of the Zoning Ordinance. The DRB granted the approval on March 3, 2003.

The parties have not supplied a copy of the DRB minutes or decision, but on March 10, 2003, the Acting Zoning Administrator sent Defendant a letter informing her that the DRB had voted to approve her February 5, 2003 application with two conditions: (1) that the approval expire on June 3, 2003, and (2) that Defendant "submit a new Application with a revised sign design in conformance with the Zoning Bylaw before June 3, 2003." Defendant did not appeal this DRB decision, and it became final.

In May of 2003, Defendant entered into a new licensing agreement with Best Inns. At that time, Best Inns was engaged in trademark litigation with another hotel chain regarding use of the "Best Inn" trademark, and as of June 3, 2003 was not able to authorize Defendant to alter the signs to display the "Best Inn" wording[2]. However, as of the June 3, 2003, deadline, Defendant did not seek an amendment of the DRB approval or otherwise request an extension of time to file the application.

By Notice of Violation dated August 13, 2003, the Acting Zoning Administrator informed Defendant that Defendant's property was in violation of sections 1320 and 4502.a of the Zoning Ordinance, by "the installation of a sign without a valid zoning permit," and gave Defendant seven days to cure the violation by "removing the unpermitted sign." The Notice of Violation quoted the provisions of §1320, which prohibits land development, changes in use of, or extensions of any land or structure without a zoning permit, and the provisions of §4502.a that no sign shall be "erected,

enlarged, replaced, reworded, redesigned, or altered in any way" without a zoning permit. The Notice of Violation stated that "these violations"' had been "called to [Defendant's] attention by letters on March 10, 2003, May 1, 2003, and May 27, 2003," but these letters have not been provided to the Court. Those earlier letters appear to have been issued prior to the expiration of the time to apply for the new revised sign authorized by the March 3, 2003 permit.

The August 13, 2003, Notice of Violation warned Defendant that she had fifteen days to file an appeal with the DRB, and explained how to do so, but did not inform Defendant that an appeal to the DRB was the exclusive remedy for challenging the Notice of Violation or that it would become final if no appeal was taken. The Notice of Violation advised Defendant that the Acting Zoning Administrator also served as the Secretary of the DRB, and that a notice of appeal "need only be filed with the Planning Services Office."

Both Defendant and a representative of her company discussed the matter with the Acting Zoning Administrator, explained the delay due to the Best Inns trademark litigation and their desire to avoid two successive sign applications, stated their opinion that the sign had grandfathered status, and requested an extension of time to file the new application. However, Defendant did not appeal the Notice of Violation to the DRB. The Acting Zoning Administrator denied their request to extend the time for filing the new application, and Defendant also did not appeal that denial to the DRB. On September 24, 2004, the

Town filed the complaint in this case, seeking an injunction to remove the sign, daily fines since August 13, 2003, and attorney's fees and costs.

The Town's argues that, as Defendant did not appeal the August 13, 2003, Notice of Violation to the DRB, she cannot contest the violation. The Town asks for an order directing that the entire sign be removed, and for the matter to be set for a hearing on the 'applicable daily fines.'

As we explained in Town of Stowe v. Noyes, Docket No. 181-8-00 Vtec (Vt. Envtl. Ct., May 7, 2001), the Vermont Supreme Court has consistently held that a landowner who fails to appeal a zoning administrator's notice of violation cannot assert defenses to the violation in a later enforcement proceeding, other than defenses asserting the facial unconstitutionality of an ordinance provision. "The broad and unmistakable language of this provision is designed to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes." City of South Burlington v. Vermont Dep't. of Corrections, 171 Vt. 587, 588-89 (2000). The Court recognized that the statute is aimed at providing litigants in zoning cases with finality and stability in their land use decisions. See, e.g. Hinsdale v. Village of Essex Junction, 153 Vt. 618, 627 (1990).

In In re Appeal of Newton Enterprises, 167 Vt. 459 (1998), a landowner who had failed to appeal a notice of violation was precluded from asserting a nonconforming use defense in the subsequent enforcement action, although the landowner was free to apply for a permit to bring the project into compliance. In both Reid v. Town of Charlotte, 160 Vt. 606, 608 (1993) and Town of Charlotte v. Richmond, 158 Vt. 354 , 356-58 (1992), landowners were precluded from asserting a nonconforming use defense in enforcement cases, as they had failed to appeal the notices of violation. Also see Town of Hinesburg v. Dunkling, 167 Vt. 514 (1998) (landowner had failed to appeal ZBA decision declining to change permit conditions; in subsequent enforcement action, trial court granted summary judgment on violation but held hearing on appropriate remedy).

In the present case, the Notice of Violation adequately advised Defendant that she could contest the Acting Zoning Administrator's determination by appealing to the DRB within 15 days; that is, it adequately "inform[ed] the defendant how to contest the decision." Town of Randolph v. Estate of White, 166 Vt. 280, 287 (1997). Defendant failed to file a notice of appeal[3]. Because Defendant failed to appeal the Acting Zoning Administrator's Notice of Violation, she is precluded from arguing as a defense to the enforcement action that the "installation of a sign without a valid zoning permit" did not amount to a violation.

However, we note specifically that the Court may take these arguments into account in determining the appropriate remedy in this matter, even though Defendant is bound by the unappealed Notice of Violation as to the existence of the violation. Town of Hinesburg v. Dunkling, 167 Vt. 514 (1998); In re Cumberland Farms, Inc., 151 Vt. 59, 64 (1989) (if town chooses to bring an enforcement action, circumstances surrounding the violation may be relevant in determining appropriate remedy).

While Defendant cannot contest the fact of the violation, neither injunctive relief ordering the removal of the sign, nor a particular penalty amount, may be imposed without a hearing on the merits of those remedies. The Court must consider both parties' evidence on what may be an appropriate remedy. It may be that Defendant should be allowed to cure the violation by applying for approval of the alternative sign designs proposed in Exhibits H and I, because the Acting Zoning Administrator lacked authority to deny Defendant's request to extend the time for making the application (as that request should have been presented as a request to the DRB to amend a condition of the temporary sign permit it had issued on March 3, 2003).

Moreover, material facts are in dispute as to whether the Notice of Violation adequately stated the facts alleged to constitute the violation. Town of Randolph v. Estate of White, 166 Vt. 280, 285 (1997). The Notice of Violation cryptically describes the violation as "installation of a sign without a valid zoning permit," and refers to three prior

letters, issued during the time the temporary sign permit was in effect. Those letters may or may not reveal whether the violation was alleged to be the change in lettering on the grandfathered sign. Moreover, as the applicable ordinance has not been provided by either party, material facts are in dispute as to whether the violation could have been or could still be cured by an application for a smaller conforming sign in the same location.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED in PART, only to the extent that Defendant cannot contest the existence of the violation as stated in the Notice of Violation, but is otherwise DENIED; and Defendant's Motion for Summary Judgment is also DENIED as material facts are in dispute. We have scheduled a telephone conference to set the remaining issues in this case for a hearing on the merits. (See enclosed notice.)

Done at Berlin, Vermont, this 13th day of April, 2005.

_____
Merideth Wright
Environmental Judge

[1] Days Inn WorldWide eventually filed suit against Defendant in federal court in late December of 2003, in part due to her failure to remove the "Days Inn" name and logo.

[2] That authorization did not become final until the fall of 2004.

[3] Pursuant to 24 V.S.A. §4465, appeals from a decision of the administrative officer must be in writing. Defendant argues that the "in writing" requirement of §'4465 should not apply because the Notice of Violation cited incorrect sections of the statute. However, although the statute has since been amended, effective July 1, 2004, at the time of the notice the cited statutory provisions were correct.