### Petition of Robert and Anne Fairchild
### (Town of Putney, appellant)

[616 A.2d 228]

No. 90-327

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed August 28, 1992

*Lamb & Hughes, P.C.*, Springfield, for Plaintiffs-Appellees.

*William McCarty* and *Bruce Hesselbach* of *McCarty Law Offices*, Brattleboro, for Defendant-Appellant.

**Johnson, J.** The Town of Putney appeals from a superior court order granting petitioners' motion for summary judgment and issuing a writ of mandamus that compels the Town to enjoin the owners of the Mellen Building from using the property in violation of the Town zoning regulations. We affirm.

This case began in June 1984 when the Town's board of adjustment granted a conditional use permit for development of three one-bedroom apartments on the second and third floors of the Mellen Building. The building, a Putney Village structure, originally housed one apartment on its upper two floors and a retail store on its first floor. Under the zoning regulations in effect in 1984, single and two-family dwellings were permitted uses in the village district; multi-family dwellings were defined as conditional uses.

Petitioners in this case, adjacent landowners and interested persons, appealed the board's decision to the superior court. At a hearing de novo in December 1985, the court reversed the board's decision and denied the conditional use permit because the owner's proposed use did not conform to the specific and general standards set forth in the Town's zoning regulations. Under section 209 of the Town's regulations, a building that contains one apartment and a retail store must be located on a lot with an area of at least 40,000 square feet, must cover less than 50% of the lot and must be set back at least twenty feet from the roadway. The Mellen Building does not meet any of these requirements. It sits on a lot with less than 3,500 square feet, covers more than 50% of the lot and does not meet the setback requirement.

Despite the order, the owner developed the second and third floors of the Mellen Building into a three-family dwelling. At the same time, he converted an abandoned garage on the property to a second retail store.

In 1986, petitioners began a series of unsuccessful efforts to compel the Town to enforce its zoning regulations and to enjoin the owner of the Mellen Building from using the three apartments in violation of the regulations. In September 1986, petitioners informed the Town administrative officer by letter that the Mellen Building was being used as a three-family dwelling without a valid permit. They requested that he take action to enforce the town zoning ordinance. The administrative officer did not take any official action, but he encouraged the owner of the building to use only two of the apartments. The administrative officer did not directly correspond with the petitioners.

In June 1987, pursuant to 24 V.S.A. § 4445, petitioners attempted to enforce the superior court's order by moving for a permanent injunction against the property owner to correct the zoning violations. The superior court refused to entertain the motion and erroneously dismissed the action in August 1987 for lack of subject matter jurisdiction. Next, in October 1987, the petitioners again notified the Town by letter that the building was in violation of the zoning regulations and demanded that the Town uphold its laws. The Town administrative officer told the petitioners, through the parties' attorneys, that he believed that only two of the three apartments were in use and that both the apartments and the retail store in the building were permitted uses and in compliance with the law. Again, he did not directly correspond with the petitioners.

Finally, in November 1987, petitioners filed suit against the Town seeking a writ of mandamus to compel the Town's administrative officer to enforce the zoning regulations. In May 1990, the Windham Superior Court granted the petitioners' motion for summary judgment and issued a writ of mandamus directing the Town to enjoin the owner of the building from using the building in violation of the Town regulations. The Town is appealing this order.

The Town of Putney first argues that the trial court erred in holding that the owner's use of the building had not changed from a permitted use under the pre-1989 zoning regulations to a

different permitted use under the amended regulations. In March 1989, during the pendency of the petitioners' action against the Town, the zoning regulations were amended to allow multi-family dwellings as permitted uses. The Town reasons that the apartment and retail store were permitted uses under the old regulations and that the new development, which increased the building's use to three apartments and two retail stores, were permitted uses under the amended regulations. The Town argues that it is relieved of its obligation to enforce the 1985 superior court order denying use of the building as a three-family dwelling because the building now complies with the amended regulations.

The building, however, does not comply with the amended regulations for two reasons. First, the lot at issue should not have been developed at all because it is less than one-eighth acre in size and does not meet the minimum-lot-size requirements. Both 24 V.S.A. § 4406(1) and section 701 of the Town zoning regulations prohibit development of any individually owned lot, separate and nonaffiliated with surrounding properties, if it does not meet existing regulations as to lot area and size.

Second, even though its uses were permitted, the Mellen Building was a noncomplying structure because it did not meet the Town's requirements as to minimum lot size, lot coverage and setback specifications. Pursuant to section 240 of the Town regulations, a noncomplying structure cannot be developed in any way that would increase its noncompliance with the zoning regulations. Yet, this is precisely what the owner did.

When the Mellen Building was developed, the one apartment was converted to three apartments, the retail store remained, and the existing garage was renovated to house a second retail store, thereby increasing the building's noncompliance. The second retail use required an additional 5,000 square feet of land. The addition of two apartments and a second retail store also increased the number of required parking spaces. Under section 735 of the Town regulations, three apartments require four off-street parking spaces; retail businesses require one off-street parking space for every 200 square feet of customer floor space. There was only one off-street parking space. The Town's argument that the owner's different use of the building changed

from one permitted use to another fails because the alterations were illegal and do not satisfy the regulations.

■ The Town also argues that the petitioners are not entitled to a writ of mandamus. Although the formal writ of mandamus was abolished by V.R.C.P. 81(b), relief in the form of mandamus is available under V.R.C.P. 75. *Garzo v. Stowe Board of Adjustment*, 144 Vt. 298, 299–300, 476 A.2d 125, 126 (1984). A court can issue a writ of mandamus, however, only under certain circumstances: (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law. *Bargman v. Brewer*, 142 Vt. 367, 369–70, 454 A.2d 1253, 1255 (1983).

■ The petitioners meet all these requirements. First, the petitioners are entitled to the action they seek in the writ. The property has been developed in violation of a superior court order, state law, and the amended Town zoning regulations. It is of no consequence that the Town was not a party to the first action when the superior court denied the conditional use permit. Under 24 V.S.A. § 4442(a), the administrative officer must enforce the Town's zoning regulations and must not permit any development that is not in compliance with the laws. The petitioners, as interested persons, are affected by the violations and are entitled to enforcement of the court order and the Town's zoning regulations. Pursuant to 24 V.S.A. § 4445, the administrative officer must institute appropriate action to correct the violations.

■ Second, the writ seeks enforcement of the ministerial duties of the administrative officer. Under 24 V.S.A. § 4442(a), "[t]he administrative officer shall administer the bylaws literally, and shall not have the power to permit any land development which is not in conformance with such bylaws." The statute is unequivocal: the administrative officer *shall not permit* any land development not in conformance with the regulations. In this case, the development of the Mellen Building was not in conformance with the zoning regulations. The administrative officer has no discretion as to whether to enforce the bylaws in this case; the officer must do so.

■■ Third, there is no other adequate remedy at law. Refusal of an official to perform nondiscretionary duties leaves the petitioners without an adequate remedy at law. *Menut & Parks Co. v. Village of St. Johnsbury*, 114 Vt. 41, 51, 39 A.2d 342, 347 (1944). Mandamus is proper when an official refuses to perform a duty required by law. *Corcoran v. Village of Bennington*, 128 Vt. 482, 490, 266 A.2d 457, 463 (1970). The petitioners are entitled to mandamus because the administrative officer refused to enforce the Town's zoning regulations.

■ The Town also argues that petitioners are not entitled to a writ of mandamus because they did not appeal the zoning administrator's refusal to act through the procedure set forth in 24 V.S.A. §§ 4472 and 4464. The Town suggests that our recent decision in *Town of Charlotte v. Richmond*, 158 Vt. 354, 609 A.2d 638 (1992), controls.* In that case, we decided that the trial court did not have subject matter jurisdiction to consider the defense of nonconforming use because the defendants failed to appeal the zoning administrator's decision to the zoning board of adjustment. See also *Town of Sandgate v. Colehamer*, 156 Vt. 77, 83-86, 589 A.2d 1205, 1209–10 (1990). These cases did not involve, however, a zoning administrator's *refusal* to enforce the zoning laws. In both *Richmond* and *Colehamer*, defendants had been cited for violations of the zoning laws and then been pursued by the towns after noncompliance. These cases recognized that defendants had to bring their challenges to the zoning requirements by appeal under § 4472 after they were cited; they could not raise challenges to the zoning requirements as defenses in the enforcement actions.

The present case is very different. The petitioners were not parties to the zoning administrator's decision but merely interested persons. Even if we assume interested persons, rather than the landowner, have a duty to use § 4472 and this duty applies to a case of zoning administrator inaction, this is not a case to enforce such a duty. Ordinarily, § 4472 would provide the appropriate avenue to seek enforcement, *In re Robinson*, 156 Vt. 199, 591 A.2d 61 (1991), but petitioners have already used this administrative remedy. They appealed the zoning adminis-

---

* Relying on *Town of Charlotte*, the Town also filed a motion to dismiss this action, which we deny for the same reasons discussed in this opinion.

trator's decision to issue the conditional use permit in 1984. The trial court subsequently denied the permit, and, as an appellate body, interpreted the zoning bylaws and determined that a conditional use permit would violate the bylaws. The Town continued to refuse to follow the law, despite the order of the superior court. The zoning administrator first refused to answer petitioners' demand for enforcement, and then stated that he believed the building was in compliance with the amended regulations.

Thus, petitioners did avail themselves of § 4472 remedies only to find that the Town refused to enforce their court order. As discussed above, the relevant amended regulations changed only the character of permitted uses in the Town; they did not, and could not, turn the noncomplying structure into a complying structure, or alter the lot size and coverage. Thus, the original violation, which has already been the subject of a court order, continues. Although petitioners must exhaust their administrative remedies, they do not have to do so twice. Nor can the zoning board review the trial court's interpretation of the bylaws and determination of noncompliance. We will not require the exercise of a fruitless and duplicate appeal to require the zoning administrator to perform his ministerial duty.

■ The Town also argues that petitioners are not entitled to a writ of mandamus because they did not first exhaust their administrative remedies. Mandamus will not be refused because another remedy exists unless that remedy is clear and adequate. *Bargman*, 142 Vt. at 371–72, 454 A.2d at 1256. In *Bargman*, the plaintiffs wanted to appeal their property tax appraisals and sought mandamus to compel the town listers and selectmen to perform their statutory duty and prepare the town's grand list of property descriptions and appraisals. Under the statute, taxpayers aggrieved with their tax appraisals were required to first appeal to the town listers and selectmen, then to the board of civil authority, and finally, to the superior court.

In *Bargman* we looked at the adequacy of the statutory remedy available to the plaintiffs. There, the primary function of the statute was to address disparities between the listed value of the grievants' property and that of comparable property. Without access to the books or grand lists which contained the

appraised values, plaintiffs were denied the information needed to make an effective appeal. Limiting the *Bargman* plaintiffs to this statutory procedure would have placed them in the position of potentially having to appeal twice: first, to obtain the denied information from the town listers, and second, to appeal their property appraisals. *Id.* at 372, 454 A.2d at 1256–57. In *Bargman* we recognized that, to supersede mandamus, the other remedy must be competent to afford relief on the very subject matter in question and it must be equally convenient, efficient and beneficial. *Id.* at 371-72, 454 A.2d at 1256–57.

In this case, the statutory appeals process is not adequate to afford the relief the petitioners are appropriately seeking. Indeed, in light of the history of the Town's refusal to enforce the law, it is disingenuous for the Town to argue that petitioners should return to the Town's administrative process. Petitioners have taken every lawful step they could to enforce adherence to the town zoning regulations. The Town has refused to abide by a court order and its own zoning regulations. Under the *Bargman* standard, the other remedy available to petitioners is inadequate, and, therefore, mandamus was entirely appropriate.

*Affirmed.*