**Albert and Gayle REID and Donald and Betty Lockhart v. TOWN OF CHARLOTTE, et al., and Jean and Lawrence Garen**

[648 A.2d 813]

No. 91-605

February 12, 1993. Defendants Jean and Lawrence Garen appeal from a superior court order (1) enjoining them from using their property in the Town of Charlotte for storing unregistered motor vehicles and other junk; (2) requiring them to remove all such materials and the corrugated fence surrounding them from the property before January 15,

1992; and (3) declaring that, if defendants do not comply with this order, plaintiffs may have the motor vehicles, other junk and fence removed and have the reasonable cost charged as a lien on defendants' property. We affirm.

Defendants began using the property to store junk motor vehicles and related scrap in 1962. Mr. Garen has not been in the business of selling auto parts since 1968 or 1970, but defendants continue to store junk, including motor vehicles, on the property. Defendants' use of their property from 1962 through today constitutes a junkyard as defined by 24 V.S.A. § 2241(7). At no time since 1962 have defendants had a certificate of approval pursuant to 24 V.S.A. § 2242* to operate a junkyard.

In January 1987, the Town of Charlotte filed a complaint against defendant Jean Garen, the record owner of the property, alleging violations of 24 V.S.A. § 2242 and the Town of Charlotte zoning regulations. It sought an order enjoining defendant from using her property as a junkyard. The court entered a default judgment in April 1987, enjoining defendant from storing, repairing, or selling junk motor vehicles on her property. On February 2, 1988, the Town of Charlotte filed a petition for contempt, alleging that defendant had failed to comply with the 1987 order.

In settlement of the contempt proceedings, Ms. Garen and the Town, through its representative, George Doty, Zoning Administrator, stipulated that Ms. Garen would install an eight-foot-high, solid fence and place all junk motor vehicles behind the fence. The stipulation was signed on

---

\* Prior to 1969 this provision was codified at 24 V.S.A. § 2069.

June 10, 1988, and filed with the court on June 13. Based on this stipulation, the court entered an order on June 15, 1988, dismissing the contempt complaint on the condition that defendant comply with the stipulation by July 1, 1988. Pursuant to the stipulation, defendants constructed a corrugated metal fence, eight feet high, around the junkyard. The fence has remained in place, and defendants continue to store junk automobiles on the property.

Plaintiffs are neighbors of defendants, who live immediately adjacent and across the road from defendants' property. They filed this action on February 15, 1989, alleging (1) that defendants' junkyard and fence were in violation of 24 V.S.A. § 2242 and town zoning regulations, and (2) that the unsightly junkyard and fence prevented plaintiffs from the quiet use and enjoyment of their property, and caused irreparable injury by reducing the value of plaintiffs' property. Plaintiffs requested the court to order the Town to enforce the zoning regulations against defendants, enjoin defendants from maintaining the junkyard and the fence, and award plaintiffs damages and legal fees. The court granted plaintiffs' request for injunctive relief based on a theory of nuisance but did not address plaintiffs' other requests. Plaintiffs have not appealed from the decision.

Defendants raise three issues on appeal. First, they claim that the superior court did not have jurisdiction over the matter because plaintiffs failed to exhaust their administrative remedies by first appealing to the zoning board of adjustment as required by 24 V.S.A. § 4472. Under § 4472, "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the board of adjustment

under section 4464." Although generally this statute provides the appropriate avenue to seek enforcement of zoning regulations, we have previously made an exception where the statutory appeals process is not adequate to afford the relief requested. See *In re Fairchild*, 159 Vt. 125, 131–32, 616 A.2d 228, 231 (1992). We believe this is such a case.

In *In re Fairchild*, adjacent landowners and other interested persons filed in superior court for mandamus to compel the administrative officer of the Town of Putney to enforce the zoning regulations against a landowner. The Town argued that the petitioners were not entitled to relief because they had filed in superior court, rather than appealing to the board of adjustment, as required under 24 V.S.A. § 4464. We disagreed, concluding that § 4464 does not require plaintiffs to exhaust administrative remedies twice or pursue an appeal process that would be inadequate to afford the relief the petitioners are appropriately seeking. *Id.* at 132–33, 616 A.2d at 232–33. The petitioners had previously appealed the board's original decision to grant a conditional use permit for the property at issue. On appeal, the court reversed the board's decision and denied the permit because the proposed development did not conform to town zoning regulations. Despite this order, the landowner developed the property without a permit and in violation of the regulations. When the Town failed to enforce the regulations, the petitioners filed for mandamus in superior court. We held that, under the circumstances, it was inappropriate to require the petitioners to go through the administrative process again for the same violation, particularly in light of the Town's refusal to enforce the law. *Id.* at 133, 616 A.2d at 233.

Similarly, there would be little point in requiring plaintiffs in the instant case to pursue this matter before the board of adjustment. If plaintiffs had appealed to the board, the board could only order the administrator to file a complaint in superior court to enforce the regulations. 24 V.S.A. § 4470(c). The Town has already filed two complaints against defendants in superior court. Yet, the junkyard remains in violation of court order. Indeed, defendants' violations have escalated since the first order because they have added the fence.

Moreover, we note that the order of April 23, 1987, enjoining defendant Jean Garen from storing junk vehicles on her property was still in effect at the time of the proceedings in this case. The subsequent order, based on the stipulation, merely dismissed the contempt petition provided defendant installed a fence. In view of the stipulation, it is questionable whether the Town could have pursued enforcement of the injunction order. Plaintiffs, however, as interested persons under § 4464, were not bound by this stipulation. They properly sought an injunction against defendants in the superior court.

In view of this history, we find "the statutory [administrative] appeals process is not adequate to afford the relief the petitioners are appropriately seeking." *Id.* at 133, 616 A.2d at 232–33. Under the superior court order, plaintiffs were entitled to have the junk removed if defendants did not comply by January 15, 1992. The board could not provide such relief. We also reject defendants' argument that plaintiffs had only fifteen days from the signing of the stipulation or the actual construction of the fence to file a notice of appeal with the board. Under this theory, if no notice of appeal were filed during the fif-teen-day period, plaintiffs would have no recourse for the continuing zoning violation.

Second, defendants argue the court erred in granting injunctive relief based on a theory of nuisance because plaintiffs failed to state a nuisance claim in their complaint and failed to produce sufficient evidence to prove the claim. We do not decide this issue because the relief granted is fully supported by previous proceedings regarding zoning violations, which are all part of the record in this case. But see *Coty v. Ramsey Assocs.*, 149 Vt. 451, 458, 546 A.2d 196, 201 (1988) ("As a general rule, the unsightliness of a thing, without more, does not render it a nuisance under the law.").

Third, defendants argue that the junkyard was a preexisting nonconforming use and therefore not in violation of zoning laws. We do not rule on this issue because we conclude that the trial court did not have subject matter jurisdiction to consider the defense of a nonconforming use. See *Town of Charlotte v. Richmond*, 158 Vt. 354, 358, 609 A.2d 638, 640 (1992). To contest the administrator's determination that the junkyard is in violation of town zoning regulations, defendants were required to appeal the original notice to the board of adjustment. Having failed to appeal that notice, their affirmative defense is barred. *Id.*

*Affirmed.*