STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of        }
 George and Carole Trickett        }        Docket No. 114-6-00 Vtec
        }
        }

Decision and Order on Motion to Dismiss

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Orwell denying their appeal of a decision of the Zoning Administrator. Appellants are represented by John Barrera, Esq.; Appellee Peter C. Ochs is represented by Peter F. Langrock, Esq.; the Town is represented by John J. Zawistowski and Mark F. Werle, Esq. The Town has moved to dismiss the appeal as untimely filed and for reasons of res judicata; Appellee joins in the motion.

Appellants live across the road from Appellee's apple orchard and apple packing operation. In 1997 Appellants filed a written complaint with the Town regarding, among other things, Appellee's violation of the Town's Zoning Bylaws. They appealed to the ZBA the Zoning Administrative Officer's opinion letter finding no violations. The ZBA denied their appeal in January 1998 and they did not appeal that decision to Environmental Court.

On January 7, 2000, Appellants again wrote a letter to the Zoning Administrator alleging violations of the Zoning Bylaws, and specifically requested that the Zoning Administrator meet with them and view videotapes and a log of Appellee's activities. The letter did not request any specific enforcement action. Appellants did not file any mandamus action against the Zoning Administrator, or any enforcement action against Appellees. In re Fairchild, 159 Vt. 125 (1992), compare Richardson v. City of Rutland, 164 Vt. at 422 (1995); and see 4 V.S.A. §4470(c). Rather, on March 9, 2000, by letter to the ZBA, Appellants requested an "appeal" of the Zoning Administrator's failure to respond to the letter or take any action.

On March 15, 2000, the Zoning Administrator issued a response, finding no

1

violations on each of the issues and stating that he had previously ruled in 1997 on these issues. By letter dated March 31, 2000, and stamped as received by the Town Clerk's office on April 3, 2000, Appellants filed an appeal to the ZBA of the Zoning Administrator's March 15 notice of decision.

As noted in the ZBA's April 25, 2000 notice of decision on the appeal[1], the notice of appeal of the Zoning Administrator's decision to the ZBA was untimely filed. Such appeals must be filed with the ZBA within fifteen days of the decision appealed from. March 30, a Thursday, was the 15th day. Even if the filing date were March 31, it would have been untimely, but in fact it was filed on April 3, which is clearly untimely. The fact that it was untimely filed deprived the ZBA of jurisdiction to act on the merits of the appeal, and deprives this Court of jurisdiction as well. 24 V.S.A. 4472.

Accordingly, to the extent that Appellants' appeal purports to be filed from the ZBA's April 19, 2000 meeting as reflected in its April 25, 2000 decision, upholding the Zoning Administrator's March 15, 2000 decision, it was untimely and that portion of this appeal is hereby DISMISSED as untimely.

However, we also note from the parties' chronologies that on March 20, 2000, the Acting Chairperson of the Board wrote a letter to Appellants informing them that the ZBA will no longer hear complaints which have already been [decided] by any state agency regarding Appellant's agricultural operation. There is no indication that this letter represented any decision of the ZBA which is appealable under §4471; that issue has not been briefed in the motions to dismiss. Appellants mailed to the ZBA a notice of appeal from the March 20, 2000 letter and the appropriate filing fee on April 14, 2000. If the notice of appeal sought to appeal to this Court from the March 20, 2000 letter, that appeal was timely, as the statutory appeal period for appeal from a ZBA decision to the Court is 30 days. Accordingly, that portion of the present appeal is not dismissed at the present time. However, we note that the scope of the present appeal is thereby limited to the matters

---

[1] This document is signed only by the acting chair of the ZBA and describes action that may have been taken by the ZBA at its April 19, 2000 meeting.

covered by the ZBA Acting Chairperson's March 20, 2000 letter, and not the Zoning Administrator's March 15, 2000 Notice of Decision.

Motion to Dismiss - Res Judicata

The Town's second argument is that the issues in the appeal have already been addressed by an unappealed decision of the ZBA in January 1998. Documents or material facts necessary to allow the Court to address this argument have not been provided, and it may be necessary for the parties to file for summary judgment on this issue. However, the fact that the issues in this appeal appear to be limited to at most those issues in the March 20, 2000 letter, may make such briefing unnecessary. Accordingly, we will hold a telephone conference on October 10, 2000 to discuss the next step in this appeal. The site visit discussed at the prior conference will not be held on September 26, 2000, as the Court will not be holding a hearing in Addison County that day. However, it may be possible to schedule a site visit for October 11, 12 or 13; those dates will be discussed at the conference.

Done at Barre, Vermont, this 25th day of September, 2000.

_____
                Merideth Wright
                Environmental Judge

3