STATE OF VERMONT
ENVIRONMENTAL COURT

|   | } |   |
|---|---|---|
| In re: Cochran Subdivision | } | Docket No. 192-9-07 Vtec |
|   | } |   |
|   | } |   |

## Decision on Motion for Summary Judgment

Appellant Ronald Masse appealed from the Town of Wolcott Zoning Administrator decision to not bring an enforcement action against James Cochran, Sr. and James Cochran, Jr. for the subdivision of land without a permit. Feeling aggrieved by the Zoning Administrator's decision, Mr. Masse appealed to the Town of Wolcott Development Review Board ("DRB"), and thereafter filed an appeal with this Court.

Appellant is represented by Paul Gillies, Esq.; the Town of Wolcott ("Town") has appeared in this proceeding, but is not represented by counsel.[1] James Cochran, Sr. and James Cochran, Jr. were represented by Graham Hayes Govoni, Esq. at some point while the DRB was entertaining this appeal, but have not entered their appearance in this Court proceeding. The Court's record reflects that Attorney Govoni was provided with notice of Mr. Masse's appeal.

Appellant moved for summary judgment, asserting that the Cochrans violated the Wolcott Subdivision Regulations[2] ("Regulations") by subdividing their land without a subdivision permit and that the Zoning Administrator should be directed to initiate violation and enforcement proceedings. Neither the Cochrans nor the Town have expressed support or opposition for the pending summary judgment motion.

## Factual Background[3]

1.      In March of 2004, Appellant Ronald Masse purchased a 10.46 acre parcel of land, located in the Town of Wolcott, from James Cochran, Sr. and James Cochran, Jr. ("Cochrans"). Appellant already owned an adjoining parcel of land.

---

[1] The Town was initially represented by Alan Thorndike, Esq., but the Court later granted his request to withdraw as town counsel in this litigation. The Town Zoning Administrator has asked to appear on the Town's behalf.

[2] A copy of the Town of Wolcott Subdivision Regulations, last amended November 6, 1996, was filed with the Court.

[3] All facts recited or referenced here are undisputed unless otherwise noted. For purposes of the motion for summary judgment only, we view the material facts in a light most favorable to the non-moving parties. V.R.C.P. 56(c). We are not yet at the stage of making specific factual findings. Thus, our recitation here should not be regarded as factual findings. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, 24, citing Fritzen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000)(mem.).

2. The 10.46 acre parcel that Appellant purchased from the Cochrans was part of a larger parcel the Cochrans owned. Neither Appellant, as purchaser, nor the Cochrans, as sellers, applied for a subdivision permit from the Town prior to completing the 10.46 acre transfer.

3. In 2004, the Cochrans also conveyed a portion of their property to another abutting landowner, Jim Roberts. At that time, no subdivision permit was applied for or received for the lot created in connection with the conveyance to Mr. Roberts.

4. In 2007, Appellant, Mr. Roberts, and the Cochrans requested that the DRB issue a subdivision permit for the 2004 conveyances and waive all fees and applicable subdivision regulations. The DRB heard the parties' joint request at its March 14, 2007 hearing. Presenting another option, the DRB offered to approve a boundary line adjustment. The parties rejected this option.

5. In April of 2007, the Cochrans' attorney sent letters to Appellant and Mr. Roberts, indicating that as a condition of the sale, Appellant and Mr. Roberts were responsible for obtaining any permits needed for the valid conveyance of the parcels.

6. Mr. Roberts thereafter applied for a 2-lot subdivision permit so that the portion of the Cochrans' former parcel conveyed to him could receive the necessary subdivision permit. His application was assigned Application #1696S. The DRB reviewed Mr. Roberts's application at a hearing in May, 2007, and thereafter granted Mr. Roberts his requested subdivision permit.

7. Also in May of 2007, Appellant (through his attorney) requested that the Town of Wolcott Zoning Administrator commence enforcement of the Town Regulations against the Cochrans.

8. A week later, the Zoning Administrator responded by letter and denied the request and refused to issue the requested notice of violation to the Cochrans. In doing so, the Zoning Administrator did not dispute that a violation had occurred. Rather, he stated his preference to first assist the parties in reaching a voluntary resolution.

9. Thereafter, Appellant appealed to the DRB from the Zoning Administrator's refusal to issue a notice of violation to the Cochrans.

10. At a DRB hearing on June 13, 2007, Appellant sought a DRB directive to the Zoning Administrator that an enforcement action against the Cochrans be brought.

11. Thereafter, the Cochrans submitted an application for a 2-lot subdivision, but did not include a site survey (Application # 1720S).

12. At a subsequent DRB hearing on July 11, 2007, the DRB reviewed the Cochran subdivision application. However, at that hearing, the Cochrans withdrew Application #1720S.

2

The DRB then "instructed the clerk to send notice to Mr. Cochran for violation of our subdivision regulations."[4]

13.    On August 24, 2007, the DRB issued its Findings and Decision ("DRB Decision") regarding the Appellant's appeal of the Zoning Administrator's refusal to issue a notice of violation to the Cochrans.  The "DECISION AND CONDITIONS" section of the DRB Decision contains the following determinations:

> It is understood that in connection with the purchase of this property from Mr. Cochran, it was Mr. Robert's[5] [sic] and Mr. Masse's responsibility to legally create and convey the parcels and to bare [sic] all costs involved in doing so. That is a problem between Mr. Cochran and Mr. Masse as Mr. Robert [sic] has corrected his part.

> Unfortunately, when Mr. Cochran delegated his responsibility to legally create and convey the parcels to Mr. Masse, he as the landowner is responsible for Mr. Masse's actions.  Mr. Cochran may still be able to write a corrected deed that clearly adds this parcel to Mr. Masse's existing property.  If that is no longer an option, based upon these findings, this subdivision of property will require subdivision approval by the Development Review Board in accordance with pertinent standards and criteria set forth in the Zoning Regulations.

DRB Decision at 3.

14.    The DRB Decision does not contain a specific determination on the issue Mr. Masse appealed: should the Zoning Administrator be directed to issue a notice of violation to the Cochrans.  Mr. Masse thereafter filed a timely appeal with this Court from the August 24, 2007 DRB Decision.

### Discussion

In this de novo appeal, Appellant presents two issues in his motion for summary judgment: first, whether the Cochrans violated the Regulations by subdividing their land without a subdivision permit; and second, whether the Zoning Administrator should enforce a violation of the Town's Regulations and require the Cochrans to receive a permit for the three-lot subdivision created in 2004.  No party has filed an opposition to Appellant's pending motion.

Summary judgment is appropriate only "when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."  In re Carter, 2004 VT 21, ¶ 6 (citation omitted); V.R.C.P. 56(c).  Even in situations, such as here, where there has been no objection filed to a

---

[4]  DRB Decision at 3.

[5]  In the DRB Decision, this gentleman's name is spelled two ways: "Roberts" and "Robert".

3

pending summary judgment request, we must review the material facts in light of the applicable law and may only grant the pending motion if we determine that the applicable law directs that Appellant is entitled to judgment. In re Appeal of Jolley Associates, 2006 VT 132, ¶ 9, (quoting In re Garen, 174 Vt. 151, 156 (2002)). Where the applicable law clearly directs it, summary judgment "may be rendered against the moving party." V.R.C.P. 56(c)(3). We review the pending motion in this light.

Sifting through these muddled conveyances, and acknowledging the lack of a permit for the 10.46 parcel now owned by Appellant, the Court concludes that there is no dispute that the 2004 conveyance of the 10.46 acre parcel required either a subdivision permit, or in the alternative, an authorized merger with Appellants adjoining property, by way of a boundary line adjustment.

Section 1.01 of the Regulations states that "[n]o subdivision of land shall be made, and no land in any subdivision shall be sold or offered for sale . . . until a subdivision plat, prepared in accordance with the requirements of these regulations, has been approved by the Commission, and has been filed in the office of the Town Clerk." It is undisputed that the parties have not settled on a boundary line adjustment, and it is undisputed that there has been no approval of the subdivision. Thus, the parties and their 2004 land transaction are in contravention of Regulations § 1.01.

Pursuant to Regulations § 6.04, "[a]ny person . . . making any subdivision of land violating any provision of these regulations, shall be subject to the penalties provided in" what is now 24 V.S.A. § 4451. Lacking a permit, or a boundary line adjustment, the parties involved in the conveyance may be liable for a violation of the Regulations.

The Zoning Administrator initially refused to issue a violation notice to the Cochrans, prompting Appellant to appeal the issue to the DRB. At the July 11, 2007 DRB hearing, when the Cochrans purportedly withdrew their subdivision permit application for the 10.46 acre parcel, the DRB instructed the clerk to send a violation notice to the Cochrans for the violation of the Subdivision Regulations. The Court is not aware of whether the DRB clerk issued the notice of violation, nor are we aware of on what authority a DRB clerk may do so. Over a month after the July 2007 DRB hearing, the DRB issued a written decision regarding Appellant's appeal of the Zoning Administrator's refusal to initiate enforcement proceedings against the Cochrans. While the DRB announced in its Decision that "this subdivision of property will require subdivision approval"—(DRB Decision at 3)—they announced no determination on the specific issue Mr. Masse presented to the DRB: should the Zoning Administrator be directed to issue a notice of

4

violation to the Cochrans. It appears understandable why Mr. Masse thereafter appealed to this Court, given the apparent absence of a specific response to his DRB appeal.

In light of the undisputed evidence presented, we conclude that the Zoning Administrator is obligated to issue a notice of violation, due to the failure of the parties to the 2004 conveyance to obtain a subdivision permit prior to the transfer of the 10.46 acre portion of the Cochrans' land to Mr. Masse. In re Fairchild, 159 Vt. 125, 130 (1992) (Because a town zoning administrator's duties are ministerial in nature, he "has no discretion as to whether to enforce the [zoning] bylaws . . . ; the officer must do so."); see also Trickett v. Ochs, 176 Vt. 89, 94 (2003) ("A zoning administrator must investigate complaints and enforce the town's zoning ordinance upon the finding of a violation . . ..").  In that regard, we **GRANT** Appellant's summary judgment motion, but note that we leave the determination of who should be the recipient(s) of this violation notice up to the Zoning Administrator. On the record before us, it appears that the Cochrans, as the grantors who conveyed the un-permitted lot, must be one of the recipients. However, we note that because Regulations § 7 defines "subdivider" as "[t]he owner of record of the land to be divided, including any subsequent owner of record . . .[,]" other parties may warrant receipt of the violation notice.  Thus, we direct the Zoning Administrator, using his experience with the parties and his knowledge of the Regulations, to issue a notice of violation to all appropriate parties for the subdivision and transfer of the former Cochran land without a permit.

## Conclusion

For all the reasons more fully discussed above, we **GRANT** Appellant's motion for summary judgment. In doing so, we direct the Zoning Administrator to issue a notice of violation to all appropriate parties. This completes the current proceedings in this appeal. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 11th day of July, 2008.


_____
Thomas S. Durkin, Environmental Judge

5