VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 42-5-20 Vtec



## R.L. Vallee, Inc. v. Town of Colchester

# ENTRY REGARDING MOTION

Count 1: Writ of Mandamus Petition

Title:      Motion to Dismiss Petition for Writ of Mandamus (Motion 4)

Filer:      Town of Colchester

Attorney:   Claudine C. Safar

Filed Date: July 29, 2020

Response in Opposition filed on 08/27/2020 by Attorney Alexander J. LaRosa for R.L. Vallee, Inc.

Reply filed on 09/10/2020 by Attorney Claudine C. Safar for the Town of Colchester.

**The Motion is GRANTED**

By its Petition for a Writ of Mandamus that requests the Court direct the Town of Colchester ("Town") to provide notice and institute a municipal enforcement action against the Costco Wholesale Corporation ("Costco"), R.L. Vallee, Inc. ("Vallee") asserts that Costco has violated the terms of its final plat and site plan approval that authorized certain improvements to its pre-existing facility, and the Town of Colchester Zoning Regulations ("Regulations"), when Costco opened its new retail gasoline sales facility for limited, off-peak traffic hours, prior to the completion of certain traffic mitigation improvements on Town and state highways.

In 2012, Vallee appealed to this Court the Town of Colchester Development Review Board ("DRB") approval of Costco's application to amend its pre-existing final plat and site plan permit. That permit amendment application had been filed in 2008. On August 27, 2015, this Court issued its merits decision concerning those appeals, together with several other permit appeals filed by Vallee and other entities. *See* In re Costco Final Plat and Site Plan Application Appeals, Nos. 104-8-12 Vtec, et. al. (Vt. Super Ct. Envtl. Div. Aug. 27, 2015) (Durkin, J.), *aff'd* 2016 VT 86. Those other appeals filed by Vallee also concerned an Act 250 permit amendment approval, a wetlands reclassification, a wetlands permit, and a state stormwater discharge permit. Id. This Court's determinations were affirmed by the Vermont Supreme Court. Id.

Vallee has also filed a post-judgment motion for a temporary restraining order and preliminary injunction in their 2012 appeal of the permit amendment applications. This Court denied Vallee's TRO request and is in the process of scheduling a hearing on Vallee's post-judgment preliminary

injunction request (the parties are to advise the Court by September 30, 2020 of their unavailable dates for trial in January and February, 2021. _See_ In re Costco Final Plat and Site Plan Application Appeals, Nos. 104-8-12 Vtec, et. al. (Vt. Super Ct. Envtl. Div. May 27, 2020).

Vallee has also appealed the District 5 Environmental Commission's ("District Commission") most recent approval of an Act 250 permit amendment that authorizes Costco's limited, off-peak hours operation of its retail gasoline sales facility prior to the completion of the traffic mitigation measures. After Vallee had appealed that determination, this Court denied Vallee's request for a stay of that approval and Costco's off-peak limited hours operation. _See_ Costco Act 250 Land Use Permit Amendment, No. 20-3-20 Vtec (Vt Super. Ct. Envtl. Div. May 27, 2020) (Durkin, J.)

Most recently, Vallee appealed the DRB's approval of Costco's application for an amendment to its final plat and site plan approval that also authorized Costco to operate its retail gasoline sales facilities during off-peak hours, prior to the completion of the traffic mitigation measures. _See_ In re Costco Wholesale Corp. Final Plat and SP Amendment, No. 48-6-20 Vtec (Vt. Super. Ct. Env. Div.).

Vallee also appealed separate Act 250 and state stormwater permits issued to the Vermont Agency of Transportation, authorizing certain highway improvements to state highways at an I-89 Interstate highway exit near the Costco facility that were proposed as the very traffic mitigation measures to address Vallee's concerns about increased traffic caused by the Costco improvements, thereby delaying the completion of those traffic mitigation measures. This Court affirmed the Act 250 and state stormwater permits that authorized those highway improvements. After Vallee appealed those determinations, the Vermont Supreme Court affirmed all but one ruling from this Court, concluding that the trial court must afford Vallee an opportunity to present evidence under Act 250 Criterion 1 concerning the possible impacts caused by any increase in chloride and phosphorus discharges that may be caused by the proposed highway improvements. _See_ In re Diverging Diamond Interchange Act 250 and SW Permit, Nos. 50-6-16 Vtec and 169-12-16 Vtec (Vt. Super. Ct. Envtl. Div. June 1, 2018) (Walsh, J.), _aff'd in part and rev. and remanded in part_ 2019 VT 57. On remand, this Court took additional evidence during a three-day trial on the possible increases in chloride and phosphorus discharges. After trial, this Court issued its Amended Merits Decision After Remand, concluding that the proposed highway improvements conformed to Act 250 Criterion 1. _See_ In re Diverging Diamond Interchange Act 250 and SW Permit, Nos. 50-6-16 Vtec and 169-12-16 Vtec (Vt. Super. Ct. Envtl. Div. Apr. 16, 2020) (Walsh, J.). Vallee's appeal of that Decision is now pending before the Vermont Supreme Court.

These appeals present a unique and possibly frustrating litigation history, since Costco has been frustrated in its efforts to complete the improvements to its pre-existing facility, principally by operating its recently constructed retail gasoline sales facility, that were first applied for in 2008 and ultimately approved by the Vermont Supreme Court in 2016, particularly because the traffic mitigation measures that Costco and the state proposed have also been delayed and frustrated by further litigation.

Nonetheless, by its Petition for Writ of Mandamus, Vallee requests that this Court direct the Town to enforce its zoning regulations by instituting an enforcement action against Costco, asserting that its off-peak traffic hour operation of its retail gasoline sales facility is a violation of its municipal permit. Vallee Petition for Writ of Mandamus at 14–15, filed May 26, 2020.. In a later filing, Vallee asserts that the Town should be compelled "to initiate an enforcement action against Costco" for fines and penalties, due to its opening of its gasoline sales facility. Vallee Response in Opposition to Town's Motion to Dismiss at 3–4, filed Aug. 27, 2020.

Both Costco and the Town initially asserted that the approvals issued by this Court in 2015 and affirmed by the Supreme Court in 2016, did not need to be amended in light of Costco's plan to operate the retail gasoline facility for limited, off-peak traffic hours. Nonetheless, Costco on March 19, 2020, filed another application to amend its site plan approval, requesting specific authority for its limited hours gasoline sales operation. The DRB granted that permit amendment application on June 22, 2020. As stated above, that municipal permit amendment approval was appealed by Vallee and is the subject of Docket No. 48-6-20 Vtec.

By its motion to dismiss, the Town asserts that the DRB's most recent permit amendment approval moots any possible zoning violations by Costco and requests that the Court now dismiss Vallee's Petition. Vallee responds by asserting that since Costco opened its gasoline sales facility before the DRB issued its most recent approval, it was in violation of its permit and the underlying zoning regulations, and should therefore be the subject of a municipal enforcement action. Vallee's legal arguments are premised upon a mistaken interpretation of the applicable statutes and case law precedent concerning zoning enforcement actions. For the reasons summarized below, we conclude that Vallee's Petition is moot and must be dismissed.

For the sake of our legal analysis here, let us assume that by opening its gasoline sales facility prior to the DRB approval, Costco was in violation of its prior municipal permit approvals.[1] But once the DRB issued its latest approval, specifically authorizing the limited hours operation of the facility, any possible basis for an alleged violation no longer existed. Vallee's Petition is now moot, because Costco has completed the actions that Vallee first asserted that the Town must compel Costco to complete.

Any Vermont municipality intending to institute a zoning enforcement action against a property owner or occupant must first provide notice to that targeted entity, specifying the alleged zoning violations, and providing at least seven days for the target to cure the violations. 24 V.S.A. § 4451(a). "No action may be brought . . . unless the alleged offender has had at least seven days' warning notice by certified mail." Id. This statutory language appears to be a most significant impediment to Vallee's Writ of Mandamus request, since to grant Vallee's request, the Town would need to unlawfully give notice to Costco of a zoning violation that no longer exists.

Vallee cites to several decisions from this Court that conclude that a Town's ongoing municipal enforcement action may continue, even if the defendant has cured all zoning violations. But those decisions were all referencing zoning enforcement actions that had already been noticed and instituted while the zoning violations remained outstanding. We have long concluded that when a target of a municipal zoning enforcement action voluntarily acts to cure the violation while the enforcement action is pending, they should be commended and thanked for their efforts. But their cure actions while the enforcement is pending does not cause the municipality's action to become moot, because we must still adjudicate any request for fines and penalties that accrued for violations that remained after the seven day notice period. *See, e.g.*, <u>In re Cote NOV</u>, Nos. 273-11-06 Vtec and 165-8-07 Vtec (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.); <u>Town of Newbury v. Celeste</u>, No. 50-3-10

---

[1] Our hypothetical here should not be interpreted as a conclusion that Costco's actions constituted a violation of its prior permit. The Town makes a compelling argument, seemingly unchallenged by Vallee, that there can be no municipal permit violation because Costco had previously obtained an amendment to its Act 250 permit, and that the Act 250 permit amendment specifically governed the terms of the Town's Memorandum of Understanding with Costco as to the timing of its operations and traffic mitigation efforts. *See* <u>Town of Colchester Reply in Support of Motion to Dismiss at 3–7</u>, filed September 10, 2020.

Vtec (Vt. Envtl. Ct. July 28, 2010) (Wright, J.); <u>City of Burlington v. Khamnei</u>, No. 74-7-18 Vtec (Vt. Super. Ct, Envtl. Div. Oct. 30, 2018) (Walsh, J.).

In short, were we to grant Vallee's request for a Writ of Mandamus, this Court would be in the awkward, and unlawful, position of directing the Town to issue a notice of alleged zoning violation for a violation that no longer existed, and which did not survive beyond any seven day period in which Costco would have been authorized to cure. Given that no violation remains, the Town cannot now be directed to institute an enforcement action.

Our Supreme Court has noted that "[a]lthough the formal writ of mandamus was abolished by V.R.C.P. 81(b), relief in the form of mandamus is available under V.R.C.P. 75." <u>Petition of Fairchild</u>, 159 Vt. 125, 130 (1992) (citing <u>Garzo v. Stowe Bd. of Adjustment</u>, 144 Vt. 298, 299–300 (1984)). The Court continued by noting that:

> A court can issue a writ of mandamus, however, only under certain circumstances: (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law.

> <u>Id</u>. (citing <u>Bargman v. Brewer</u>, 142 Vt. 367, 369–70 (1983)).

Generally, it appears undisputed that Vallee (1) is within its rights to request that the Town pursue enforcement of an alleged zoning violation and (2) that the action requested is ministerial and not discretionary. *See* <u>Fairchild</u>, 159 Vt. at 130 (quoting what is now codified in 24 V.S.A. § 4448(a)) (concluding that a zoning administrator does not have discretion to allow "any land development which is not in conformance with [the zoning] bylaws").

However, when applying these standards to the undisputed facts now before us, we must conclude that the action requested by Vallee cannot be compelled by a writ, since the alleged zoning violation no longer exists. It is for all these reasons that we must **DISMISS AS MOOT** Vallee's Petition for a Writ of Mandamus against the Town.

This completes the current proceedings before this Court. A Judgment Order accompanies this Entry Order.

**So Ordered.**

September 18, 2020

_____
Thomas S. Durkin, Superior Judge
Environmental Division