## In re Minor Subdivision Plot Approval #88-340 for Stanley Robinson

[591 A.2d 61]

No. 90-016

Present: Allen, C.J., Gibson, Morse and Johnson, JJ.

Opinion Filed March 15, 1991

*John J. Long, Jr.* and *C. Daniel Hershenson* of *Hershenson, Carter, Scott & McGee,* Norwich, for Appellant.

*Robert B. Buckley, Jr.* and *John C. Candon* of *Hughes, Miller & Candon,* Norwich, for Appellees.

**Johnson, J.** Stanley and Bonnie Robinson, and Shepard Construction Co., Inc., applied to the Town of Hartford Planning Commission for approval of a four-lot minor subdivision. Philomena Sacco, whose property is bordered on three sides by one of the lots of the proposed subdivision, contested the application. The application was approved, and Sacco appealed to the superior court. After a trial de novo pursuant to 24 V.S.A. § 4472(a), the court ordered that a minor subdivision permit be issued to the Robinsons and Shepard Construction Co., but with a number of conditions necessary to give effect to the Town of Hartford zoning and subdivision regulations. Sacco appealed to this Court, claiming that the trial court's issuance of the permit was error because the proposed subdivision a) did not comply with lot frontage requirements for the applicable zoning district; b) violated a prohibition against "reserved strips," as defined by the Hartford Subdivision Regulations; and c) did not provide safe access past Sacco's property to the proposed lots of the subdivision. We affirm.

The dispute centers around the access drive to the proposed lots. The access drive is a 20-foot-wide by 395-foot-long strip of land that begins at the end of Windsor Drive and continues in a northerly direction past the westerly boundary of Sacco's property. Prior to the proposed subdivision, the access drive was used exclusively by the Robinson and Sacco residences. It is paved to a few feet beyond Sacco's garage, where it then continues to the Robinson property as a gravel road. Under the new subdivision plan, the drive will serve two additional houses. The drive is intended to be part of one of the proposed lots, Lot 003, but subject to rights of way in the other property owners. The drive is the only access to the proposed lots, and the dimensions of the strip of land preclude any other use of the drive by Lot 003.

■ Sacco's first claim on appeal is that proposed Lot 003 does not comply with the width requirements of Hartford's Zoning Regulation 4-7-2, because only twenty feet of Lot 003 has frontage on a public road. Regulation 4-7-2 defines lot measurements and requires that eighty percent of the required lot width for this residential zone have frontage on a road, in this case one hundred feet. The Hartford zoning regulations also permit interior lots, with zero street frontage, as long as there is access from a street through private "rights-of-way" or "easements" meeting certain safety requirements. Regulation 4-3-3.1. The trial court correctly determined that Regulation 4-7-2 does not logically apply to Lot 003. But for the access drive, which continues from the end of a public road, Lot 003 is really an interior lot with access to the street by private road. That Lot 003 will be accessed by its own strip of land, rather than a right-of-way or easement, is not inconsistent with the scheme of Hartford zoning regulations.

■ Sacco further contends that the access drive is an unlawful "reserved strip" under § 5-4-1.3 of the Hartford Subdivision Regulations. The reserved-strip provision states: "No privately owned reserved strip, except on open space areas shall be permitted which controls access to any part of the subdivision or to any other parcel of land from any street . . . ." Case law in another jurisdiction indicates that so-called "reserved strips" typically have been narrow strips of land, reserved from the major parcel granted, with the object of limiting the accessibility of the parcel. *Koff v. Frank*, 22 Misc. 2d 551, 553, 194 N.Y.S.2d 753, 756 (Sup. Ct. 1959); *Warren v. Protano, Inc.*, 155 N.Y.S.2d 686, 689 (Sup. Ct. 1956). That is the opposite of the case at bar. Since all lots will have rights-of-way over the access drive owned by Lot 003, Lot 003 cannot be said to control access. The town subdivision regulations expressly permit minor subdivisions, which they define in pertinent part as having "frontage on an existing public street or access to such street by right-of-way." § 5-2-1. Again, that Lot 003 will actually own the right-of-way, which it will use along with others, does not bar the subdivision of this property.

■ Finally, Sacco contends that the court's judgment is rendered void by the inclusion in the subdivision permit of condi-

tions that, she argues, are vague and unenforceable. We cannot agree. The trial court was authorized to issue a permit with conditions. See *In re Poole*, 136 Vt. 242, 246, 388 A.2d 422, 425 (1978) ("It is the duty of the court in a de novo hearing to specify in its order all the terms and conditions thereof."). The purpose of the conditions imposed was to conform the proposed project, in all material respects, with the intent and spirit of the Town of Hartford Subdivision Regulations, which are intended to assure the comfort, convenience, safety, health and welfare of its residents. § 5-1-1.

■ The conditions are not vague; they are unqualified and definite. Those affecting the access drive require the permit holder to improve and widen the road, post a sign stating a 10 mph speed limit, post a warning regarding children and pedestrians, and remove snow in winter to maintain room for two cars to pass.

■ The conditions are, moreover, enforceable. A violation of a condition of a subdivision permit would be a violation of the zoning ordinance itself. *Kulak v. Zoning Hearing Bd. of Bristol Township*, 128 Pa. Commw. 457, 461–62, 563 A.2d 978, 980 (1989) (violation of a condition of a special use permit was the equivalent of a violation of the zoning ordinance); see *In re Meaker*, 156 Vt. 182, 191, 588 A.2d 1362, 1367 (1991) (Dooley, J., dissenting). Under 24 V.S.A. §§ 4444 and 4445, the zoning administrator is authorized to bring any appropriate action to restrain, prevent, correct or abate any use or conduct that violates the zoning ordinances or to impose fines for such violations. If the administrator fails to act, interested persons may appeal to the board of adjustment under 24 V.S.A. § 4472(a).

■ Appellant expressed particular concern about the condition requiring posting of a 10-mile-an-hour speed limit, challenging the trial court's conclusion that the condition would make the road safe, since law enforcement officials will have no authority to enforce a speed limit on a private road. We agree that permit conditions cannot insure against unreasonable use by persons other than the permit holders. Private access roads are undeniably unsafe if traversed at unreasonable speeds, and law enforcement officers, it is true, have no authority to enforce posted speed limits on such roads. But appellant's argument,

carried to its logical conclusion, would prohibit private access roads altogether. We do not believe that such a result is warranted.

*Affirmed.*