## In re Appeal of CHARLOTTE FARM & MILLS

[779 A.2d 684]

No. 00-007

August 2, 2001. Charlotte Farm & Mills appeals the environmental court's order concluding that the zoning board of adjustment (ZBA) of the Town of Charlotte, and hence the environmental court, had jurisdiction to review a decision by the Town's zoning administrator as to whether Charlotte Farm's activities exceeded the scope of its zoning permit. We affirm.*

The material facts are not in dispute. In January 1998, Charlotte Farm submitted an application for a zoning permit to the Town's zoning administrator. On its face, the application sought approval for an "agricultural operation" and "forestry" on a 14.66-acre parcel owned by Champlain Oil Company. Accompanying the application was a county forester's letter defining the term "forestry" and stating that "processing, utilization, and marketing are integral components of forestry." In the last sentence of the letter, the forester states: "I look forward to hearing your progress with establishing your sawmill." On February 17, 1998, the administrative officer approved the permit application and posted notice of the permit. There was no appeal of the zoning administrator's decision.

In the summer of 1998, Charlotte Farm began the operation of a portable sawmill business on the subject property. In October 1998, a Charlotte resident filed a notice of appeal with the ZBA, complaining that the sawmill operation was a commercial activity that was not permitted within the rural zoning district. The ZBA dismissed the appeal as untimely filed, and no appeal was taken from that decision. In November 1998, a neighboring property owner asked the Town's zoning administrator to determine whether there were zoning violations on the subject property with respect to the commercial sawmill activities. By letter dated November 24, 1998, the zoning administrator informed the neighboring property owner that he had reviewed the sawmill operation and

---

* Chief Justice Amestoy heard oral argument but did not participate in this decision.

found it to be "consistent with the permit which I issued for that use."

In December 1998, the neighboring property owner, and others, appealed the zoning administrator's determination to the ZBA. The ZBA concluded in a February 18, 1999 written decision that Charlotte Farm's use of the property violated the Town's zoning laws because the sawmill operation did not constitute "forestry" and Charlotte Farm had not applied for or obtained a permit to operate a sawmill on the property. Charlotte Farm appealed the ZBA's decision to the environmental court. In a motion for partial summary judgment, Charlotte Farm argued that the zoning administrator's November 24 letter was not an appealable decision, and that neither the ZBA nor the environmental court had jurisdiction over the matter. The environmental court denied the motion, concluding that the ZBA, and thus the court, had jurisdiction to review the zoning administrator's November 24 letter. Following a merits hearing, the court concluded that Charlotte Farm's permit to engage in agricultural and forestry uses did not authorize the operation of a portable sawmill on the property to process logs and other materials brought in from off-site.

On appeal, Charlotte Farm does not challenge the environmental court's merits decision, but rather argues that the court lacked subject matter jurisdiction to review the sawmill operation. According to Charlotte Farm, the zoning administrator's February 17, 1998 decision granting its permit application became final when no party appealed it within the time limit, and thus neither the ZBA nor the environmental court had jurisdiction to entertain a collateral attack on the unappealed ruling. See 24 V.S.A. § 4472(d) (interested persons who fail to appeal from decision or act of zoning administrator shall be bound by that decision or act and shall not thereafter contest such decision or act in any later proceeding).

We find no merit to this argument. By its terms, the permit authorized Charlotte Farm to undertake forestry and agricultural operations. But nothing in the approved permit application, of which public notice was given, indicated that a sawmill operation would be allowed. In response to the complaint of a neighboring property owner, the zoning administrator ruled that Charlotte Farm's sawmill operation was consistent with the permit. This ruling was plainly a "decision or act" of the zoning administrator appealable to the ZBA. See 24 V.S.A. § 4464(a), (c)(1) (interested party may appeal any decision or act taken by zoning administrative officer to ZBA, which shall have power to hear claims that administrative officer erred in connection with enforcement of zoning law). Further, the finality and exclusivity doctrines embodied in § 4472(d) do not preclude an interested person from taking action to ensure compliance with the terms of a zoning permit. Thus, the fact that no one timely appealed the initial permit granted to Charlotte Farm did not preclude neighboring property owners from later seeking review of the zoning administrator's decision that Charlotte Farm's activities were within the scope of its permit. See *In re Sardi*, 170 Vt. 623, 626, 751 A.2d 772, 776 (2000) (mem.) (violation of permit conditions constitutes zoning violation; interested persons may appeal to ZBA if zoning administrator fails to act on their complaints seeking enforcement of zoning laws); *In re Robinson*, 156 Vt. 199, 202, 591 A.2d 61, 63 (1991) (same); see also *In re Fairchild*, 159 Vt. 125, 131, 616 A.2d 228, 231-32 (1992) (cases in which trial court lacked subject matter jurisdiction because defendants failed to appeal zoning administrator's decision to ZBA did not involve zoning administrator's refusal to enforce zoning laws).

Under Charlotte Farm's analysis, interested parties would be required to appeal, or forever waive the right to appeal, not only the decision of the zoning administrator to grant a permit, but also any unstated, underlying considerations that formed the basis for issuance of the permit. Given the vague terms of the permit, and thus the lack of notice as to what activities were being permitted, Charlotte Farm cannot prevail on its claim that the neighboring property owners were bound by the unstated beliefs of the zoning administrator. Cf. *In re Kostenblatt*, 161 Vt. 292, 299, 640 A.2d 39, 44 (1994) (unstated permit conditions may not be imposed on permittee).

Charlotte Farm also states in a brief footnote that there is no merit to the trial court's determination that the ZBA and the court were not estopped from reviewing the zoning administrator's November 24, 1998 decision. To the extent that the statement can be construed as a claim of error, it is inadequately briefed. See *KPC Corp. v. Book Press, Inc.*, 161 Vt. 145, 152, 636 A.2d 325, 329 (1993) (assertions unaccompanied by facts, law, or reasoning need not be considered on appeal). Charlotte Farm neither explains how the court erred in concluding that at least two of the elements of estoppel were not met in this case, nor even discusses the elements of estoppel. See *Wesco, Inc. v. City of Montpelier*, 169 Vt. 520, 524, 739 A.2d 1241, 1244-45 (1999) (listing elements of equitable estoppel).

*Affirmed.*