Brooks v. Town of Charlotte, No. S1011-03 CnC (Katz, J., Apr. 12, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

BROOKS

v.

TOWN OF CHARLOTTE

ENTRY

After owner's attempt to use a "forestry" permit as a zoning variance was rejected, In re Appeal of Charlotte Farm & Mills, 172 Vt. 607 (2001), owner seeks damages based on reliance for his sawmill business from the Town of Charlotte. As he argued in the zoning appeal, owner claims that the zoning administrator knew owner planned to run a sawmill and assured him that the permit would allow it. Defendant Town argues that issue

preclusion applies and precludes owner from making such an argument as it was rejected in previous litigation. Owner counters by attempting to distinguish his current claims from his earlier permit appeal in three ways: identity of parties, form of relief, and type of action.

Neither owner nor town challenge the fact that owner was a party to the previous litigation. Instead, owner centers his challenge to preclusion on the fact that he is suing a different party in the Town of Charlotte as opposed to the previous action against the Zoning Board of the Town of Charlotte. Setting aside the fact that this misstates the relationship between a town and its zoning board, owner's "mutuality" argument, which would require both parties to be the same for one to assert preclusion over the other, has been expressly rejected by the Vermont Supreme Court. Trepanier v. Getting Organized Inc., 155 Vt. 259, 266 (1990). Instead, preclusion may be asserted by any party so long as it satisfies five criteria:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action;
> (2) the issue was resolved by a final judgment on the merits;
> (3) the issue is the same as the one raised in the later action;
> (4) there was a full and fair opportunity to litigate the issue in the earlier action; and
> (5) applying preclusion in the later action is fair.

Id. at 265. The purpose of these requirements is two-fold. It is employed to protect "litigants from the burden of relitigating an identical issue with the same party or his privity and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).

The issue at stake here is reliance. Previously, owner claimed that he relied on the zoning administrator's statements about the scope of a "forestry"permit when he invested in his sawmill operations. Although owner has now shifted his claim of reliance from the administrator to the permit, it does not affect the issue since any reliance he had on the "forestry" permit had to come from the administrator since neither the zoning committee nor the permit itself spoke to such use. When owner raised his reliance claim as part of his estoppel argument, the Environmental Court considered the facts of the permit with the alleged statements of the zoning administrator and determined that owner had not proved his reliance claim or even that the administrator even knew that owner planned on running a sawmill. In re Appeal of Charlotte Farm & Mills, No. 45-3-99Vtec, at 4 (Wright, J., Dec. 13, 1999). This explicit determination demonstrates that owner had a full and fair opportunity to make his claim, and it also reflects a determination made on the merits of owner's claim. See id. (setting aside the policy implications of estoppel against the government to decide the issue on the merits). We conclude that issue preclusion applies in the present case because owner has had his opportunity to litigate this issue and the court rendered a decision which precludes its further litigation.

The fact that owner now seeks a different remedy in damages rather than declaratory or equitable relief does not change the preclusive effect of the earlier determination. 18A C.Wright et al., Federal Practice & Procedure § 4445, at 300 (2002) ("Final decision in an action for permanent injunctive or other equitable relief commands full preclusion effects . . ."). Nor does owner's argument that the prior litigation was an appeal from an administrative board and its review on appeal did not allow him to argue damages change the applicability of preclusion. Despite the difference

between the previous action and the present one, the claim of reliance is the same one. Owner claims that what he was told when he applied for the permit led him to invest. Whether this argument is made to establish a basis for interpreting the permit or for damages, the evidence needed and the standard of proof is the same. In part, these argument confound the difference between issue and claim preclusion. Claim preclusion is sometimes limited in its application where the two cases stem from different bodies of law and procedural areas but may still preclude claims from different types of actions. See 18 C. Wright et al., § 4411. On the other hand, issue preclusion only requires that the first action satisfies the aforementioned criteria. See id. at § 4416.

Owner's argument goes more to the issue of fairness. The lack of access to damages did not diminish the role reliance and estoppel played in owner's prior case and the necessity of the court's determination. Under fairness, the criteria for issue preclusion is whether the issue decided was necessary for the previous judgment. Id. at § 4421. Here owner raised reliance and estoppel as affirmative defenses. To decide whether to enforce the permit, Judge Wright necessarily had to decide whether this defense was applicable. See In re Appeal of Charlotte Farm & Mills, No. 45-3-99Vtec, at 4. While owner was free not to raise this defense, once he did, it became necessary to the determination. As such, we conclude that the determinations of reliance and estoppel were necessarily decided and that satisfying all other criteria, issue preclusion applies to owner's claim of reliance. Owner is therefore precluded from arguing that he relied on the permit. Without this, however, owner's claims against the town for damages have no source of liability and should therefore be dismissed.

Based on the foregoing, plaintiff's claims against the town are

dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge