STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Beliveau Notice of Violation | } | Docket No. 274-12-07 Vtec |
| (Appeal of Beliveau) | } | |
| | } | |

Decision and Order on Pending Motions

Appellant Leon Beliveau appealed from a decision of the Development Review Board (DRB) of the City of Burlington that upheld a Notice of Violation regarding Appellant's property at 52-54 Hickok Place. Appellant represents himself; the City is represented by Kimberlee J. Sturtevant, Esq. No related enforcement case has been filed by the City.

Appellant was originally represented by counsel, who filed a Statement of Questions consisting of four questions on January 11, 2008. Appellant, representing himself, filed six additional questions on June 12, 2008. For ease of reference, this decision will refer to the questions as Original Questions 1 through 4 and Additional Questions 1 through 6.

The parties have filed the following motions. On May 27, 2008, Appellant filed a motion requesting the Court to "make a determination," on July 8, 2008, Appellant filed a request that the Court "make five determinations," and on August 8, 2008, Appellant filed a motion for summary judgment. On June 18, 2008, the City moved to strike Original Question 3 of the Statement of Questions, and on July 21, 2008, the City filed a supplemental motion to strike covering Additional Questions 1, 2, 3, 4, and 5. The parties' responses to the various motions, governed by scheduling orders of the Court, were complete as of September 3, 2008. (An additional motion filed by Mr. Beliveau regarding a discovery issue has been addressed separately under V.R.C.P. 26(h).)

1

The following facts are undisputed unless otherwise noted.

Appellant owns property at 52-54 Hickok Place in a Residential–Medium Density zoning district in the City of Burlington. In response to a notice of violation issued in 1999 alleging that he had increased the parking area, installed a fence, and removed a garage without a zoning permit, Appellant applied for and obtained Zoning Permit ZP 00-209 (the 1999 Permit).

The application for the 1999 Permit included a hand drawn site plan. The 1999 Permit allowed "[r]emoval of a detached single bay, single story garage in the rear yard of the existing duplex." It required the area to be "returned to green space" and prohibited any "changes to the existing parking area." Appellant did not appeal the issuance of the 1999 Permit, and it became final.

In 2002, Appellant applied for and received a Certificate of Compliance, which recites that he had filed a Certification of Completion form signed by him on October 7, 2002, "testifying the project ha[d] been completed as approved."

In his Additional Questions 1 through 5, Appellant has asked, regarding the Burlington Zoning Ordinance: when, by whom, why, and how was it adopted, and what is its intended purpose. He refers to the ordinance (as "corrected" on page 2 of his August 8, 2008 Response to the City's Motions to Strike) as the "original decoy unknown secret [q]uality of life Burlington municip[al] zoning ordinance code enforcement authority," and also refers to the purpose statement from § 3.1.4 of the current zoning ordinance, regarding the establishment of residential zoning districts. Section 3.1.4 states in part that the residential districts are "intended to secure for the persons who reside there a comfortable, healthy, safe, and pleasant environment in which to live, sheltered from incompatible and disruptive activities that properly belong in nonresidential districts."

It is important to understand that this matter is before the Court de novo. That is, the Court is obligated by the state statute to make its own independent determination of

2

whether Appellant's property is or is not in compliance with the zoning permit which Appellant applied for and obtained in 1999. This issue is covered by Original Questions 1 (and 2) and Additional Question 6 of Appellant's Statement of Questions.

Original Question 4 of the Statement of Questions inquires regarding the scope of the appeal; summary judgment has not been requested with regard to this question, so that it remains for trial. At trial, the scope of the appeal will be defined by the issues that were within the DRB's jurisdiction in the appeal from the Notice of Violation, as further limited by the questions from Appellant's Statement of Questions remaining after the present decision. The Court applies the substantive standards that were applicable before the DRB. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g).

It is somewhat difficult to determine from Appellant's filings the precise concern Appellant has with the Burlington Zoning Ordinance. However, any issues he may have with the ordinance must be raised within the context of this particular appeal, and not in the abstract, as the courts have no authority to issue advisory opinions. J.L. v. Miller, 174 Vt. 288, 292–93 (2002); see generally 24 V.S.A. §§ 4472(b), 4444(d).

Also because the Court has no authority to render advisory opinions, Original Question 3 must be dismissed. If and when it is determined that the property in question complies with the site plan approved in the 1999 Permit (or if Appellant obtains an amendment to that permit), Appellant will be free to apply for a new Certificate of Compliance, and to appeal to the DRB and to this Court if one is not granted.

If, by Appellant's references to the Burlington Zoning Ordinance as a "quality of life" ordinance, Appellant questions the basis for the Vermont Legislature's enactment of Vermont's Municipal and Regional Planning and Development Act, 24 V.S.A. Chapter 117, the legitimacy of that enabling authority has long since been resolved in Vermont. Galanes v. Town of Brattleboro, 136 Vt. 235, 240–41 (1978); see In re Letourneau, 168 Vt. 539, 543 (1998).

3

If Appellant's Additional Questions 1 through 5 are intended to question the authority under which the Zoning Administrator issued the 1999 Permit, those questions cannot be raised at this time. Because Appellant did not appeal the Zoning Permit issued on October 13, 1999, he cannot now challenge it, either directly or indirectly. 24 V.S.A. § 4472(d). The scope of that permit is defined by what was applied for in his application and approved by the Zoning Administrator. See, e.g., Town of Bennington v. Hanson-Walbridge Funeral Home, 139 Vt. 288, 292–93 (1981) (use applied for became final; permit does not authorize extension of that use).

If Appellant's issues with the ordinance relate to whether he can be required to comply with the terms and conditions of the 1999 Zoning Permit, authority to enforce the terms and conditions of a permit is provided in the state statute as well as within the zoning ordinance, based on the provisions that no land development may be undertaken without a permit. 24 V.S.A. § 4449; Burlington Zoning Ordinance § 4.1.3. Appellant obtained the benefit of the 1999 Permit, and cannot now claim that there is no authority to require him to abide by the terms and conditions of that permit. Violation of the terms of a zoning permit constitutes a violation of the ordinance. See In re Sardi, 170 Vt. 623, 626 (2000); In re Robinson, 156 Vt. 199, 202 (1991).

All that is before the Court in this appeal is whether, as of June 19, 2007, Appellant's property was or was not in compliance with the 1999 Permit and accompanying site plan. This issue is covered by Original Question 1 and Additional Question 6 of the Statement of Questions, which should be set for trial, together with Original Questions 2 and 4.

If the City files an enforcement complaint in the future, it will be in that case in which the Court would be considering whether any particular remedial action or penalty would be appropriate. See, e.g., City of St. Albans v. Hayford, 2008 VT 36. No remedial action or penalty is at issue in the present appeal.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's motions for the Court to make various determinations or for summary judgment are DENIED, and the City's Motion to Strike Original Question 3 and Additional Questions 1 through 5 is GRANTED. Original Questions 1, 2 and 4, and Additional Question 6, remain for trial.

A telephone conference has been scheduled (see enclosed notice) to set the remaining issues in this matter for trial.

Done at Berlin, Vermont, this 12ᵗʰ day of September, 2008.

_____
Merideth Wright
Environmental Judge