# STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION
                                                       Docket No. 72-7-18 Vtec

| Perham Right of Way Determination |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (72-7-18 Vtec)

Title:          Motion for Summary Judgment (Motion 2)

Filer:          Ashley Waite

Attorney:       Joseph A. DeBonis

Filed Date:     January 14, 2019

No response filed

**The motion is MOOT; the Court is without jurisdiction to hear this appeal.**

This matter arises from a November 18, 2014 decision by the Town of Pawlet Zoning Administrator ("ZA") to grant Cameron Perham a zoning permit for the construction of a barn on his property located at 206 Maple Grove Road in Pawlet, Vermont. Mr. Perham erected the barn in early 2015. Appellant Ashley Waite owns abutting property that benefits from a right-of-way over Mr. Perham's land in the area where the barn is currently located. Mr. Waite uses the right-of-way to access his property.

Mr. Waite appeared before the Town of Pawlet ("Town") Development Review Board ("DRB") at a June 6, 2018 hearing. He asserted his concerns regarding Mr. Perham's use of the barn, Mr. Perham's use of the right-of-way, and the location of the barn relative to certain setback requirements allegedly defined by the barn permit and the Town's Unified Bylaws ("Bylaws").[1] In response, the DRB directed the ZA to investigate the alleged unpermitted barn use and concluded that the barn complied with the applicable setback requirements in the Bylaws. The DRB did not address the question of the setback in the permit.[2] Mr. Waite timely appealed that decision to this Court.

---

[1] More specifically, the violations Mr. Waite alleges are: (1) the unpermitted commercial use of the barn; (2) the impermissible use of the right-of-way by Mr. Perham and his employees for parking, access, and commercial purposes; (3) the barn's encroachment on a 100-foot setback from the right-of-way defined in the permit; and (4) the barn's encroachment on setbacks from the right-of-way and boundary line defined in the Town's Unified Bylaws.

[2] On June 13, 2018, the DRB approved the June 6, 2018 meeting minutes, which reflect its factual and substantive conclusions. See 24 V.S.A. § 4464(b)(1) (stating that the minutes of the relevant municipal hearing can

We presently have before us Mr. Waite's unopposed motion for summary judgment, which requests that we order Mr. Perham to use the barn strictly for personal storage, to stop using the right-of-way, and to relocate the barn to comply with the setbacks.

This Court evaluates motions for summary judgment under the standards inherent to V.R.C.P. 56, which is applicable to this Court through V.R.E.C.P. 5(a)(2). However, no matter what type of motion we have in front of us, we are always obligated to assess our subject matter jurisdiction over an action "[w]henever it appears by suggestion of the parties or otherwise" that jurisdiction may be lacking. V.R.C.P. 12(h)(3); see also In re G.R. Enter., Inc. Sign Application, No. 27-2-08 Vtec, slip op. at 2-3 (Vt. Envtl. Ct. May 12, 2008) (Wright, J.) (citing Woodard v. Porter Hosp., Inc., 125 Vt. 264, 266 (1965)). A lack of subject matter jurisdiction cannot be waived. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235 (citing, *inter alia*, Town of Charlotte v. Richmond, 158 Vt. 354, 357-58 (1992)).

Based on our review of Mr. Waite's motion, the undisputed material facts he offers, and the accompanying materials in the record, we have identified a jurisdictional question that must be addressed as a threshold matter. This is necessary even without a response opposing Mr. Waite's motion, or an independent motion asserting a jurisdictional concern.[3]

In our *de novo* appellate review of municipal decisions, this Court sits in the shoes of the relevant municipal panel. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h); In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 11-13 (Vt. Super. Ct. Envtl. Div. Jan. 3, 2011) (Wright, J.) (citing In re Maple Tree Place, 156 Vt. 494, 500 (1991)). The scope of the municipal panel's review determines the scope of ours. See In re Sweet Bldg. Permit, No. 19-2-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jan. 25, 2013) (Walsh, J.) (citing In re Torres, 154 Vt. 233, 235 (1990)).

Municipal panels like the DRB here do not have authority to initiate enforcement actions on their own or in response to a citizen's complaint.[4] See id. (dismissing enforcement-related issues because the appellant did not first raise the issues with the zoning administrator); Riverview Mews, LLC v. Richard Elec., Inc., No. 251-11-07 Vtec, slip op. at 2-3 (Vt. Envtl. Ct. Apr. 7, 2008) (Wright, J.); 24 V.S.A. §§ 4451, 4452, 4460(e). While 24 V.S.A. § 4460(e) empowers municipal panels to review certain permitting requests in the first instance—for example,

---

fulfill the requirement that municipal panels issue a decision within 45 days after the adjournment of the hearing); see also In re Atwood-Hood PRD, Nos. 116-6-09 Vtec, 117-6-09 Vtec, slip op. at 2 n.3 (Vt. Envtl. Ct. Mar. 18, 2010) (Wright, J.).

[3] Mr. Perham is not a party to this action, though he did attend the June 6, 2018 hearing. Given our conclusions here, we do not discuss our concerns regarding his absence. The Town advised the Court by letter that it would not be filing a response to Mr. Waite's motion and only wishes to remain in the case to receive notices from the Court.

[4] Private parties with standing can directly petition this Court (or a Civil Division court) for the enforcement of decisions of a municipal panel. See 24 V.S.A. § 4470(b). We do not, however, have such a request before us. Mr. Waite does not seek enforcement of a municipal panel decision, he argues for the enforcement of terms in the permit, the Bylaws, and Mr. Perham's deed. See, e.g., In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 16-17 n.4 (Vt. Envtl. Ct. June 16, 2010) (Wright, J.); see also Whitmore v. Phillips, No. 18-1-09 Vtec, slip op. at 3-4 (Vt. Envtl. Ct. Mar. 12, 2009) (Wright, J.). Mr. Waite also argues for reversal of the DRB's decision, not for its enforcement.

requests for variances under 24 V.S.A. § 4469—the statute does not enable the original review of enforcement requests.

Municipal land use enforcement efforts must generally originate with a notice from the appropriate town official to the allegedly offending property owner. That power lies with the municipality's administrative officer—here, the ZA. See 24 V.S.A. § 4452 (providing that only "the administrative officer shall institute in the name of the municipality any appropriate action . . ." to stop and correct a municipal violation). Thus, a private individual seeking enforcement of a municipal bylaw or permit must begin with the municipality's administrative officer. See, e.g., In re Charlotte Farm & Mills, 172 Vt. 607, 607-08 (2001) (mem.); In re Sardi, 170 Vt. 623, 626 (2000) (mem.); In re Moore Accessory Structure Permit, No. 161-8-09 Vtec, slip op. at 17 (Vt. Super. Ct. Envtl. Div. Oct. 11, 2010) (Wright, J.). Should the officer decline to pursue an enforcement action, the individual may appeal that decision to the municipal panel. Charlotte Farm, 172 Vt. at 608; 24 V.S.A. § 4465(a). If the municipal panel still denies the individual the relief sought, then an appeal to this Court is procedurally appropriate. 24 V.S.A. § 4471(a).

Turning to the facts at hand, we must consider the procedural posture of Mr. Waite's appeal. He is not appealing the ZA's November 18, 2014 decision originally approving Mr. Perham's permit for the barn. Nor could he. See 24 V.S.A. § 4472(d) (providing that unappealed municipal decisions are immune from collateral attack in subsequent proceedings). He is also not appealing a decision of the ZA declining to initiate enforcement of the Bylaws or the terms of Mr. Perham's permit. See, e.g., Charlotte Farm, 172 Vt. at 608.

Instead, as expressed in his Statement of Questions and his motion, Mr. Waite sought enforcement of the Bylaws and the barn permit—as well as provisions in Mr. Perham's deed relevant to the right-of-way—before the DRB in the first instance. He appeals its decision and renews his request before this Court. Such a request exceeded the jurisdiction of the DRB below and, accordingly, lies outside of our own jurisdiction in this appeal.

Further, to the extent Mr. Waite seeks to exclude Mr. Perham from the right-of-way, his request requires an adjudication of private property rights; such a request also exceeds this Court's jurisdiction. See In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶¶ 40, 41, 192 Vt. 474 ("[T]he Environmental Division does not have jurisdiction to determine private property rights."). This Court's specialized jurisdiction does not permit us to determine the scope or validity of easements, rights-of-way, or restrictive covenants. See Nordlund v. Van Nostrand, 2011 VT 79, ¶ 13, 190 Vt. 188 (confirming that this Court can evaluate a right-of-way's compliance with municipal regulations, but not its scope). These questions belong in the Civil Division. Blanche S. Marsh Inter Vivos Tr. v. McGillvray, 2013 VT 6, ¶¶ 20-22, 193 Vt. 320; 4 V.S.A. § 31; 12 V.S.A. § 402(a) ("Actions concerning real estate shall be brought in the unit in which the lands, or some part thereof, lie."). Accordingly, this aspect of Mr. Waite's complaint suffers from an additional jurisdictional flaw.

In sum, this Court does not have jurisdiction over Mr. Waite's appeal because the DRB did not have jurisdiction to evaluate his request for enforcement of the barn permit, the Bylaws, or Mr. Perham's deed in the first instance. Further, this Court cannot determine the extent of Mr. Waite's property rights regarding the right-of-way. Because all of Mr. Waite's claims fall outside

of this Court's jurisdiction, we must **DISMISS** the action in its entirety. As a result, Mr. Waite's motion for summary judgment is **MOOT**.

      This concludes the matter before the Court.


      **So Ordered.**


Electronically signed on May 08, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Joseph A. DeBonis (ERN 4401), Attorney for Appellant Ashley Waite
John C. Thrasher (ERN 2207), Attorney for Interested Person Town of Pawlet